UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GERMAINE JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-02572-TWP-MPB |
| ) | |
| WARDEN, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Germaine Jones filed a petition for a writ of habeas corpus challenging a New Castle Correctional Facility disciplinary proceeding identified as MCF 20-09-0236. For the reasons explained in this Order, Mr. Jones' habeas petition is **denied,** and the **clerk is directed to enter final judgment** in Respondent's favor.

## I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: (1) the issuance of at least 24 hours advance written notice of the charge; (2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; (3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and (4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

On September 21, 2020, Officer T. Dice issued a Report of Conduct charging Mr. Jones with a violation of Offense Code A 103 for rioting. Dkt. 10-1. The Conduct Report states:

> On 9/10/2020 at approximately 1:46 pm a signal 7 was called in the phase 2 recreation building. During the disturbance several offenders utilized the pool tables, picnic tables, and fooseball table to block the doors. Offender Jones, Germaine 174586 was seen on DVR Encouraging, directing, commanding, coercing, or signaling one (1) or more other persons to participate in a disturbance to facility order caused by a group of two (2) or more offenders, or participating In such a disturbance, or remaining In a group where some members of the group are participating in such a disturbance.

*Id*.

On September 25, 2020, Mr. Jones was notified of the charges, pleaded not guilty, and requested a lay advocate. Dkt. 10-2. He also requested as witnesses all the people involved in the riot, offender Butler and Officer Tinder. *Id*. Finally, he requested the identity of all the individuals he allegedly coerced. *Id*. A hearing was held on October 6, 2020. Dkt. 10-4. Mr. Jones pleaded not guilty and notes that the conduct report lacks information about how he contributed to the riot. *Id*. The disciplinary hearing officer ("DHO") found Mr. Jones guilty based on staff reports, Mr. Jones' statements, evidence from witnesses, a confidential investigation report, and DVR still images. *Id*. Mr. Jones received a loss of 365 days of earned credit time and a two-credit class demotion.[1] *Id*.

Mr. Jones completed the administrative appeals process, and his appeals were denied.[2] Dkts. 10-6 at 1-4 and 10-7. He then brought this petition for a writ of habeas corpus pursuant to

---

[1] On appeal, the Indiana Department of Correction amended Mr. Jones' sanction. Dkt. 10-7. They reduced his sentence of restrictive house from 365 to 180 days; reduced his deprivation of earned credit time from 365 to 180 days; and reduced his demotion of credit class from 2 to 1 TEC. *Id*.

[2] Respondent indicated Mr. Jones failed to exhaust his administrative remedies. Dkt. 10 at 2. However, the record reflects Mr. Jones fully exhausted the administrative process. Dkts. 10-6 and 10-7. Accordingly, the Court will review this petition on the merits.

2

28 U.S.C. § 2254, dkt. 1, for which Respondent provided a return, dkt. 10. As of the date of this Order, Mr. Jones has not submitted a reply.

### III. Analysis

Mr. Jones asserts three grounds to challenge his prison disciplinary conviction: (1) that prison officials failed to follow prison policy by drafting a vague Report of Conduct; (2) that he was denied evidence; and (3) that there was insufficient evidence to support his disciplinary determination.

#### a. Prison Policies

Mr. Jones argues the Report of Conduct does not adhere to prison policies regarding specificity of the alleged offense. Dkt. 1 at 2. Prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

#### b. Denied Evidence

Mr. Jones also alleges he was not provided with copies of the staff reports, his statements, evidence from witnesses, the DVR stills, and the confidential investigation report. Dkt. 1 at 2. Due

3

process affords an inmate in a disciplinary proceeding a limited right to present "evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 566. But due process is not violated unless the inmate is deprived of an opportunity to present material, exculpatory evidence. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see Jones*, 637 F.3d at 847, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780–81 (7th Cir. 2008).

First, Mr. Jones indicated he received the staff report when he signed the Report of Conduct, dkt. 10-1, and the Notice of Disciplinary Hearing Report, dkt. 10-2. Second, Respondent argued the witness statements (all from correctional officers) and the confidential case report were excluded because to provide them would reveal investigative techniques and the capabilities of surveillance cameras at the prison facility. Dkt. 13 at 2. This Court agreed and ordered the witness statements and confidential report sealed. Dkt. 14. Nevertheless, this Court has reviewed the witness statements and the confidential report and finds they are not exculpatory. Dkts. 11 and 12. The confidential report identifies Mr. Jones as one of the offenders who barricaded the building preventing the prison officials' ingress and egress, the items used to block the doors, and the nature of the communications between the staff and prisoners regarding the prisoners preventing a correctional officer from leaving the area. Dkt. 11. Given that the prison had valid safety concerns about releasing the excluded materials and that the Court conducted an *in camera* review of the omitted items, Mr. Jones' claim must fail.

c. **Sufficiency of the Evidence**

Finally, Mr. Jones alleges there was insufficient evidence to support his disciplinary conviction. Dkt. 1 at 3. In a prison disciplinary proceeding, the "hearing officer's decision need

only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56; *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.").

Here, the Report of Conduct and the confidential case report provide sufficient evidence to conclude Mr. Jones participated in rioting. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (A Conduct Report "alone" can "provide[] 'some evidence' for the . . . decision."). Specifically, the confidential report notes that Mr. Jones is seen on camera actively participating in the disturbance. Dkt. 11. Therefore, Mr. Jones' claim is without merit.

### IV.     Conclusion

Accordingly, the petition for a writ of habeas corpus is **DENIED**. This action is **DISMISSED**. Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 8/22/2022

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

GERMAINE JONES, 174583
New Castle Correctional Facility - Box A
GEO Group Inc
PO Box A
New Castle, IN 47362

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov

Natalie Faye Weiss
INDIANA ATTORNEY GENERAL
natalie.weiss@atg.in.gov